STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-018
PAF - YOR - 4 / ...

COURTNEY J. GAVIN,

Plaintiff

v.

**ORDER AND DECISION**

JOHN D. KENNEDY and
PETER D. FAULKNER,

DONALD L. GARBRECHT
LAW LIBRARY

MAY 21 2004

Defendants

The plaintiff in this case Courtney Gavin was the defendant in a protection from harassment action, see 5 M.R.S.A. §4651-*et seq.*, brought by his neighbor Lorraine Fecteau in the District Court in Springvale. A temporary order for protection from harassment was signed and a hearing date scheduled for October 3, 2003. It is claimed by Mr. Gavin that on October 3, 2003 District Court Judge John D. Kennedy improperly contacted Peter D. Faulkner, the lawyer for the Fecteau family, and, after a brief *ex parte* communication continued the hearing that had been scheduled for October 3, 2003. It is also alleged that on December 5, 2003 Judge Kennedy further denied Mr. Gavin his right to be heard by hearing a motion for preliminary injunction filed by Attorney Faulkner in a related case without giving Mr. Gavin a chance to respond, by not hearing Mr. Gavin's motion to dismiss, and by issuing a consolidated interim order governing both the protection from harassment action and the separate civil suit filed by Mr. Gavin against Ms. Fecteau and her husband. That consolidated interim order restricted Mr. Gavin's access to real estate that he believes is on his side of the boundary with the Fecteaus. The Fecteaus were also prohibited from using the disputed land.

While Mr. Gavin has no direct evidence that any improper *ex parte* communication took place or that any conspiracy existed to deprive him of his constitutional rights he believes that wrong doing must have taken place as no other plausible explanation for what happened exists. He has brought suit against both Judge Kennedy and Mr. Faulkner claiming deprivation of his civil rights under 42 U.S.C. §1985. Both defendants have filed motions to dismiss, written arguments were submitted and oral argument held.

On a motion to dismiss, the court must assume that what the plaintiff claims is true. If true, would the plaintiff be entitled to any relief through his lawsuit? It should be noted that Judge Kennedy, through the assistant attorney general who is representing him, has presented a different view of what took place which would suggest that nothing even remotely improper took place. It is not the purpose of a motion to dismiss to determine what actually did or did not happen.

Mr. Gavin has sought a variety of remedies against Judge Kennedy including monetary damages and injunctive relief. Judge Kennedy is absolutely immune from civil suits for damages arising from his actions taken in his judicial capacity. There are numerous decisions establishing this proposition. In *Stump v. Sparkman*, 435 U.S. 349 (1978) an Ohio judge was sued for signing an order authorizing a tubal ligation of a minor who did not consent and was unaware of the nature of the surgical procedure that was performed upon her. That judge had judicial immunity as he had jurisdiction over that type of case and his acts, however wrongful, were judicial acts. The actions of Judge Kennedy were judicial acts of granting or denying motions, conducting hearings and signing orders. The two cases that he acted upon were clearly within the jurisdiction of the Maine District Court. Judge Kennedy has an absolute immunity from suit. Also see an endorsement of and recognition of this principle in *Slotnick v.*

2

*Staviskey*, 560 F.2d 31, 32 (1st Cir. 1977), *Snyder v. Talbot*, 836 F. Supp. 19, n.1. (D. Me. 1993), an *Richards v. Ellis*, 233 A.2d 37, 38-9 (Me. 1967).

None of the decisions of Judge Kennedy were final decisions, remaining trial level rights exist, appeal rights exist and procedures for judicial discipline, in appropriate cases, exist. See concerns of Justice Powell in dissent in *Stump* at 369, 370.

The request for injunctive relief against Judge Kennedy should also be dismissed as the companion real estate case has already been transferred to the Superior Court for a hearing under a standard York County procedure involving the trial of lengthier District Court non-family cases in the Superior Court. Additionally, Judge Kennedy has recused himself from further proceedings and appellate rights exist.

As none of the remaining claims have legal merit the motion to dismiss regarding defendant Kennedy will be granted.

Attorney Faulkner has also filed a motion to dismiss. He claims that the civil rights action against him should be dismissed because he is not a "state actor". While this is true, a person who is a private party and not an official of the State of Maine can be liable if there is involvement of a state official, Judge Kennedy, with Mr. Faulkner in the claimed conspiracy. See, for example, *Adickes v. Kress & Co.*, 398 U.S. 146, 152 (1970). Therefore, Mr. Faulkner's argument that there is no "state action" and he is not a "state actor" fails. As then Chief Judge Coffin stated, "...we have taken the position that private parties who conspire with immune officials may be sued under §1983." *Slotnick* at 32.

Defendant Faulkner has also argued that Mr. Gavin's complaint does not have sufficient specificity. While the accusations may have been false and only the product of an overly suspicious mind there is sufficient detail alleged as to what is claimed to have happened. *Slotnick* at 33-4.

3

Attorney Faulkner has an additional argument which is persuasive. He has been sued, in part, pursuant to 42 U.S.C. §1985. It is important to examine the actual text of that section and some of the Supreme Court decisions interpreting it. Subsection (1) is entitled "Preventing officer from performing duties "and has no applicability. The first part of subsection (2) prohibits the use of force, intimidation or threat to interfere with witnesses or jurors in a federal court and is not applicable for multiple reasons. The second part of subsection (2) states

"... or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

At first look that provision might be applicable here if Mr. Gavin's allegations turn out to be correct. However we need to examine *Kush v. Rutledge*, 460 U.S. 719, 724-5 (1983) and *Griffin v. Breckenridge*, 403 U.S. 88, (1971). As Kush indicates at 725 the second part of §1985(2) "... contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." In this case Mr. Gavin cannot establish any "class-based animus", *Kush* at 726. His status as a white adult male who did not have an attorney does not afford him the protections provided by 42 USC §1985 which is derived from the Civil Rights Act of 1871. See, for example, the final two portions of §1985 found at §1985(3) which protect against the Ku Klux Klan and similar cowardly bigots who "go in disguise on the highway..." and which provide some protection for federal voting rights. Also see *Snyder* at note 9 on page 25, "Class-based animus" goes beyond race but does not extend as far as Mr. Gavin would like. Lastly the portions of the complaint based on Title 18 U.S.C. or Title 17-A M.R.S.A. fail as they either apply to federal court proceedings or fail to provide a private cause of action.

4

The entry is:

Motions to dismiss are granted.  Complaint dismissed.

Dated:        April 14, 2004

_____
Paul A. Fritzsche
Justice, Superior Court


Courtney J. Gavin (pro se) - PL
Peter J. DeTroy, Esq.
Russell B. Pierce, Jr., Esq. — DEF. PETER D. FAULKNER
Christopher C. Taub, AAG - DEF. JOHN D. KENNEDY